**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-1802

_____

KIMBERLY KUBAS,

        Plaintiff - Appellee,

    v.

331B, LLC, d/b/a Rockwell Fitness,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Erin Aslan, Magistrate Judge.  (1:20-cv-02456-EA)

_____

Submitted:  December 31, 2025                Decided:  March 18, 2026

_____

Before RICHARDSON, RUSHING, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  T. Lee Beeman, Jr., BUCKEL, LEVASSEUR, PILLAI & BEEMAN, LLC, Cumberland, Maryland, for Appellant.  Sundeep Hora, ALDERMAN, DEVORSETZ & HORA PLLC, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant 331B, LLC, appeals the magistrate judge's order granting in part and denying in part Appellee Kimberly Kubas's motion for attorney's fees and costs after the jury returned a verdict for Kubas on her employment retaliation claim pursuant to Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e to 2000e-17.[*] Kubas requested $260,572.50 in attorney's fees and $11,139.09 in costs. The magistrate judge awarded Kubas $91,320.00 in attorney's fees and $7,705.38 in costs. On appeal, the Appellant contends that the magistrate judge erred in awarding attorney's fees.

We review the magistrate judge's fee award for abuse of discretion. *See De Paredes v. Zen Nails Studio*, 134 F.4th 750, 753 (4th Cir. 2025). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection, and the determination of fees should not result in a second major litigation." *Id*. (citation modified). "The district court—not the appellate court—has close and intimate knowledge of the efforts expended and the value of the services rendered, and appellate courts must give substantial deference to these determinations." *Id*. (citation modified).

"The proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). "First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Id*. (quoting *Robinson v. Equifax Info. Servs*., 560 F.3d 235, 243 (4th Cir. 2009)).

---

[*] The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).

"To ascertain what is reasonable in terms of hours expended and the rate charged," the court must apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), as adopted in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). *McAfee*, 738 F.3d at 88 & n.5. Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id*. at 88 (citation modified). Third, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id*. (citation modified).

On appeal, the Appellant does not challenge the magistrate judge's analysis of the first two steps but contends that the magistrate judge erred at step three by not further reducing or eliminating the attorney's fee award. In applying the third step of *McAfee*, "it can be challenging to put a number on 'success,'" because "[t]here is no 'precise rule or formula' to aid the court in determining just how successful a plaintiff may have been." *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 676 (4th Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Here, the magistrate judge determined the damages award by the jury in this case was analogous to that in *McAfee* and therefore reduced the lodestar amount of $228,300.00 by 60 percent to $91,320.00.

We have reviewed the record and the parties' arguments on appeal, and we find no error or abuse of discretion by the magistrate judge. The magistrate judge had close and intimate knowledge of the efforts expended and the value of the services rendered, and we must give substantial deference to these determinations. *See De Paredes*, 134 F.4th at 753. Accordingly, we affirm the magistrate judge's order. *See Kubas v. 331B, LLC*, No. 1:20-cv-02456-EA (D. Md. July 19, 2024). We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*